IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| **NIKE, INC.** | § | |
| | § | |
| v. | § | C.A. NO. 9:06-CV-0043 |
| | § | |
| **ADIDAS AMERICA INC. D/B/A ADIDAS** | § | JUDGE CLARK |
| **INTERNATIONAL, ADIDAS SALOMON** | § | |
| **NORTH AMERICA, INC., and ADIDAS** | § | |
| **PROMOTIONAL RETAIL OPERATIONS** | § | |
| **INC.** | § | |

**NIKE, INC.'S SUR-REPLY IN OPPOSITION TO
ADIDAS'S MOTION TO DISQUALIFY DR. PETER R. CAVANAGH**

adidas argues in its Reply that disqualification is proper since the *Akeva* case is still pending. adidas also seemingly relies upon a broad characterization of past involvement by Dr. Cavanagh in adidas=s shoe-related litigation (*Akeva*) in an effort to effectively limit Dr. Cavanagh=s ability to testify in any athletic shoe patent litigation that even remotely references a plate below the heel.  *Reply* at &2, 4.  However adidas wants to clarify or characterize Dr. Cavanagh=s past exposure to work product, adidas cannot effectively invoke the work product privilege since Dr. Cavanagh was presented as a testifying expert in the *Akeva* litigation.  *See* Def. Motion to Disqualify, Statement of Facts & 6.  Even if Dr. Cavanagh had access to work product, the moment adidas's *Akeva* counsel decided to designate him as a testifying expert, all information relating to his testimony became discoverable.  Two cases exemplify this now nearly axiomatic procedural principal.

In the *In re Pioneer Hi-Bred International Inc.* case the Federal Circuit applied Eighth Circuit case law when deciding, in part, that in-house counsel had waived the attorney-client and work product privileges when the documents and information were provided to testifying experts.  *238 F.3d 1370* (Fed. Cir. 2001).  In *Pioneer* the defendant designated its in-house counsel to discuss details of a merger that failed to include two license agreements concerning a patent.  *Id.* at 1372.  During a deposition the counsel refused to answer questions related to the merger despite the fact that the relevant information was produced to the SEC for public filing and to a testifying expert.  *Id.* at 1372-73.  When the trial court compelled production, a mandamus action ensued.  *Id.*  The Federal Circuit agreed with the trial court when it held that Athe attorney-client privilege and any work product protection had been waived by disclosure of confidential communications to expert witnesses.@  *Id.* at 1375.

The *Pioneer* court focused on Rule 26 of the Federal Rules of Civil Procedure and its mandate at subsection (a)(2) that all documents and information disclosed to a testifying expert in connection with his testimony be produced, even if the expert does not rely on the information in preparing his report. *Id.* Since the rule requires such broad disclosure, litigants are no longer able to argue that such materials furnished to their experts are privileged. *Id.* "Indeed, we are quite unable to perceive what interests would be served by permitting counsel to provide core work product to a testifying expert and then to deny discovery of such material to the opposing party." *Id.*

Although Nike was not an opposing party in *Akeva*, the offensive use of the privilege in the current action should be denied as definitively here as in the *Pioneer* case. Any confidential relationship that allegedly developed during the *Akeva* litigation evaporated when *adidas's* counsel decided Dr. Cavanagh became a witness within the ambit of FRCP 26(a)(2). Since adidas clearly argues in its Reply that Dr. Cavanagh's *Akeva* work has some connection to his potential testimony for Nike, adidas eloquently confirms the propriety of Nike's use of Dr. Cavanagh. *Reply*, ¶2.

To be sure, Nike has never represented that the Dr. Cavanagh's *Akeva* work is in any way integral to its intended proffer, the illustration just serves to illustrate the mechanics of the waiver: Dr. Cavanagh was a testifying witness within the scope of FRCP 26, FRCP 26(a)(2) waives any privilege as to documents and information relating to an expert's testimony, adidas argues the *Akeva* testimony relates to the current action, thus, at the very least, Dr. Cavanagh can discuss those issues disclosed to him in *Akeva* in the current action. Frankly, Nike intends to use his expertise in an unrelated area. Nonetheless, adidas's arguments that any information received in

*Akeva* litigation acts as a complete bar to use of Dr. Cavanagh falls flat in light of the *Pioneer* analysis.

Disqualification because of his *Akeva* involvement is simply not justified by the case law. Indeed, in a recent unreported Sixth Circuit case, *Regional Airport Authority of Louisville vs. LFG, LLC.*, 2006 WL 2368323, *17 (6th Cir. 2006), the Circuit Court again relies upon the FRCP 26 to hold that ARule 26 creates a bright-line rule mandating disclosure of all documents, including attorney opinion work product, given to testifying experts.@ Accordingly, whether or not confidential information concerning adidas=s shoes and litigation strategy was exchanged between Dr. Cavanagh and adidas=s counsel Mr. Kline is irrelevant. *See Reply*, &3. If such information did pass between the two, then it was fully discoverable during the *Akeva* deposition. If the opposing party had asked Dr. Cavanagh why the heel plate was important and how adidas planned to defend its case based on discussions with counsel, adidas would have been powerless to prevent it. adidas knew that when it presented Dr. Cavanagh then and adidas should accept that fact now.

The three pillars of adidas=s Reply argument--*Akeva* is ongoing, proposed *Akeva* and Nike testimony overlap, and possession of confidential *Akeva* information--all rest upon a foundation of confidentiality of the discussions between adidas and Dr. Cavanagh in *Akeva*. Such reliance is misplaced. Federal Rule of Civil Procedure 26(a)(2) waived any claim of confidentiality when he was presented in *Akeva*. Disqualification, much less any sort of lesser injunctive relief, is simply not proper.

Dated: September 19, 2006                    Respectfully submitted,

                                                          By:   /s/ J. Thad Heartfield
                                                             J. Thad Heartfield
                                                             Texas Bar No. 09346800
                                          LAW OFFICES OF J. THAD HEARTFIELD
                                          2195 Dowlen Road
                                          Beaumont, Texas 77706
                                          Tel: 409.866.3318
                                          Fax: 409.866.5789
                                          thad@jth-law.com

                                          Clayton E. Dark, Jr.
                                          Texas Bar No. 05384500
                                          LAW OFFICE OF CLAYTON E. DARK JR.
                                          P. O. Box 2207
                                          Lufkin, Texas 75902-2207
                                          Phone: 936.637.1733
                                          Fax:    936.637.2897
                                          cekrad@yahoo.com

                                          Attorneys for Plaintiff Nike, Inc.

**CERTIFICATE OF SERVICE**

       The undersigned certifies that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this the 19th day of September, 2006. Any other counsel of record will be served by first class mail.

                                                                       /s/ J. Thad Heartfield_____
                                                                       J. Thad Heartfield