

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION**

| | | |
|---|---|---|
| **NIKE, INC.,** | § | |
| *Plaintiff*, | § | |
| | § | |
| **v.** | § | |
| | § | **CIVIL ACTION NO. 9:06-CV-43** |
| **ADIDAS AMERICA INC. D/B/A ADIDAS** | § | **(JUDGE CLARK/JUDGE GIBLIN)** |
| **INTERNATIONAL, ADIDAS SALOMON** | § | |
| **NORTH AMERICA, INC., and ADIDAS** | § | |
| **PROMOTION RETAIL OPERATIONS** | § | |
| **INC.,** | § | |
| *Defendants*. | § | |
| | § | |

<u>**ORDER ON MOTION FOR PROTECTIVE ORDER**</u>

In accordance with 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, and the Local

Rules for the United States District Court for the Eastern District of Texas, the District Court

referred the above-captioned civil action to the undersigned United States Magistrate Judge for

determination of non-dispositve pretrial motions and proceedings and entry of findings of fact and

recommended disposition on case-dispositive motions.

Defendants adidas America Inc. d/b/a adidas International, adidas Salomon North America,

Inc., and adidas Promotion Retail Operations Inc. (collectively "adidas Defendants") filed a *Motion*

*to Modify the Protective Order* [Clerk's doc.# 38]. Defendants request that the court modify the

current protective order to allow for in-house counsel to review all documents, except those which

-1-

are "highly confidential,"as defined in their proposed order.  A hearing was held on September 18, 2006. Based upon the briefs, and the arguments made at the hearing, the court finds that a modification of the current protective order is not warranted.

## I. Background

Nike alleges that the adidas Defendants are infringing on U.S. Patent 6,687,796 (the '796 patent) and U.S. Patent 6,298,314 (the '314 patent).  The '796 patent involves footwear with a lateral stabilizing sole.  The '314 patent involves a method for detecting the starting and stopping of the movement of a person's foot.

To protect the interests of the parties and to facilitate the progress of discovery, the district court entered a protective order on May 25, 2006 [Clerk's Doc. # 29].  Under this protective order, only outside counsel of record and employees are considered  "qualified persons" and can receive documents designated as "confidential."  The parties engaged in negotiations seeking to modify this protective order, but failed to reach an agreement.

The adidas Defendants now propose a protective order which has two levels of confidentiality ("highly confidential" and "confidential").  "Confidential" documents would be reviewable by in-house counsel.  "Highly confidential" documents would not be reviewable by in-house counsel.  In adidas' proposed order, "highly confidential" documents are limited to financial information showing profits and costs, financial projections, future business or strategic plans, information about products or technologies not yet publicly or commercially disclosed, licensing policies and source code.  Noticeably, the proposed protective order does not have a category specifically designed to protect trade secrets.  Nike argues that the risk of inadvertent disclosure of Nike's trade secrets would be too great if the court were to adopt adidas' proposed protective order.

At the hearing, Nike urged the court to keep the current protective order in place in order to appropriately protect Nike's trade secret information.[1]

## II. Law and Analysis

Fed. R. Civ. P. 26(c) states that for good cause the court may order that a trade secret or other confidential research only be revealed in a designated way. Fed. R. Civ. P. 26(c)(7).[2] "The burden is upon the movant to show necessity of its issuance, which contemplates a particular and specific demonstration of fact." *U.S. v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978).

The Fifth Circuit has not specifically addressed the circumstances under which trade secrets or confidential commercial information may be excluded from in-house counsel by means of a protective order. In general, confidential commercial information warrants special protection under Rule 26(c)(7). *Micro Motion, Inc. v. Kane Steel Co., Inc.*, 894 F.2d 1318, 1324 (Fed. Cir. 1990). To determine whether a protective order covering trade secrets should issue, a court should balance the risk to Plaintiff of inadvertent disclosure of trade secrets to competitors against the risk to Defendant that protection of Plaintiff's trade secrets would impair its defense. *Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1470 (9th Cir. 1992).[3]

To evaluate the risk of inadvertent disclosure, a court should examine the factual

---

[1] In the briefs, Nike submitted an alternative protective order, which had an additional "highly confidential" category designated as "trade secrets." Nike argued at the hearing that the current protective order adequately protected its trade secrets.

[2] In a patent case, the law of the regional circuit governs the issuance of a protective order. *See American Standard Inc. v. Pfizer Inc.*, 828 F.2d 734, 740 (Fed. Cir. 1987).

[3] While not explicitly adopted by the Fifth Circuit, this reasoning has been applied by other district courts and the Federal Circuit. *See, e.g., In re Sibia Neurosciences, Inc.*, 132 F.3d 50, 1997 WL 688174, * 2 (Fed. Cir. 1997); *Andrx Pharmaceuticals, LLC v. Glaxosmithkline, PLC*, 236 F.R.D. 583, 585-87 (S.D. Fla. 2006); *In re Papst Licensing*, 2000 WL 554219, * 3 (E.D. La 2000).

circumstances of counsel's relationship to the party demanding access. *U.S. Steel Corp v. United States*, 730 F.2d 1465, 1468 (Fed. Cir. 1991). A crucial factor to be determined is whether counsel is involved in "competitive decision making." *Id.* That is, would knowledge of the trade secrets place in-house counsel in the "untenable position" of "having to refuse his employer legal advice on a host of contract, employment, and competitive market decisions lest he improperly or indirectly reveal [Nike's] trade secrets." *Brown Bag*, 960 F.2d at 1470.

1. The risk to Nike of inadvertent disclosure of trade secrets to adidas

The adidas Defendants identified two in-house counsel, Vanessa Backman and Pamela Chestek, as being instrumental to its defense. As Nike points out, the affidavits submitted by Backman and Chestek state that they are involved in supervising and managing adidas's (and its affiliate's) intellectual property protection and enforcement programs. These duties include making important litigation strategy decisions. At the very least, in making important litigation strategy decisions, settlement options, including licensing agreements, would have to be considered by Backman and Chestek. This would require them to look at the market place and advise adidas of the best manner in which to proceed. If Backman and Chestek received any information involving Nike's trade secrets, including confidential licensing agreements, this would put them in the untenable position of having to refuse adidas legal advice lest they indirectly reveal any of Nike's information. Moreover, at the hearing, Ms. Chestek explicitly stated that she directly supervised patent prosecution attorneys and made financial decisions as to what avenues should be pursued in regard to patent prosecution.

On the record before it, the court finds that these in-house attorneys are competitive decision makers, and so there is a risk of inadvertent disclosure of Nike's trade secrets if they are

allowed access to this information.  *See U.S. Steel*, 730 F.2d at 1468, n.3 (involvement in competitive decision making refers to counsel's actual advice and participation in any or all of the client's decisions made in light of similar or corresponding information about a competitor). Because Nike and adidas are direct competitors, the court concludes that the risk of inadvertent disclosure weighs heavily in favor of having the current protective order which protects Nike's trade secrets from adidas' in-house counsel.  *See Intel Corp. v. VIA Technologies, Inc.*, 198 F.R.D. 525, 531 (N.D. Cal. 2000).

<u>2. The risk of harm to adidas's defense</u>

The adidas Defendants argue that under the current protective order, adidas defense is impaired because in-house counsel is excluded from seeing any information designated as "confidential."  The evidence before the court shows that adidas's outside counsel are very experienced in patent litigation, and that any harm to adidas' defense by excluding in-house counsel from receiving confidential documents is minimal.  In-house counsel will still be able to offer their industry expertise at a general level and help guide outside counsel in that respect. This factor only weighs slightly, if at all, in favor of granting adidas' in-house counsel access to Nike's trade secrets.

On balance, the court finds that Nike has shown that under adidas's proposed protective order the risk of inadvertent disclosure of its trade secrets is great, while the harm to adidas's defense under the current protective order is slight.  Nike has also shown that the current protective order adequately protects its trade secrets.  Therefore, adidas's proposed modification to the protective order is denied and the current protective order remains in place.

IT IS THEREFORE ORDERED that Defendants' Motion to Modify the Protective Order

[**Clerk's Doc. # 38**] is **DENIED**.  The current protective order remains in place.


**SIGNED this the 21st day of September, 2006.**


_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE