

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | |
|---|---|
| NIKE, INC., § | |
| *Plaintiff*, § | |
| § | |
| VS. § | CASE NO. 9:06-CV-43 |
| § | |
| ADIDAS AMERICA INC. D/B/A § | |
| ADIDAS INTERNATIONAL, § | |
| ADIDAS SALOMON NORTH § | |
| AMERICA, INC., and ADIDAS § | |
| PROMOTIONAL RETAIL § | |
| OPERATIONS, INC. § | |
| *Defendants.* § | |

## ORDER ON MOTION TO DISQUALIFY DR. PETER CAVANAGH

In accordance with 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, and the Local Rules for the United States District Court for the Eastern District of Texas, the District Court referred the above-captioned civil action to the undersigned United States Magistrate Judge for determination of non-dispositve pretrial motions and proceedings and entry of findings of fact and recommended disposition on case-dispositive motions.

Defendants adidas America Inc. d/b/a adidas International, adidas Salomon North America, Inc., and adidas Promotion Retail Operations Inc. (collectively "adidas Defendants") filed a *Motion in Limine to Exclude Dr. Peter Cavanagh* [Clerk's doc.# 43]. Dr. Cavanagh was retained as an expert by Nike, Inc. ("Nike"). Prior to being retained by Nike, Defendants argue that Dr. Cavanagh

had an on-going confidential relationship with adidas, and that he received confidential information from adidas in another case which is relevant to this case. A hearing was held on September 18, 2006. Based upon the briefs, and the arguments made at the hearing, the court finds Dr. Cavanagh should be disqualified as a consultant and/or expert for Nike with regard to U.S. Patent No. 6,687,796 (the `796 patent). He will be allowed to serve as a consultant and/or expert for Nike with regard to U.S. Patent No. 6,298,314 (the `314 patent).

## I. Background

Nike alleges that the adidas Defendants are infringing on the `796 patent and the `314 patent. The `796 patent involves footwear with a lateral stabilizing sole. The `314 patent involves a method for detecting the starting and stopping of the movement of a person's foot.

Dr. Peter Cavanagh is the Virginia Kennedy Chairman of Biomedical Engineering and Academic Director of Diabetic Foot Care at the Cleveland Clinic Foundation. Dr. Cavanagh was previously retained by adidas as a consulting expert in the matter of *adidas America, Inc. v. Anatomic Research, Inc.,* 3:01CV01720, and is currently retained as a testifying expert in the matter of *Akeva LLC v. adidas America, Inc.,* 1:03cv01207, which is on appeal.

Nike retained Dr. Cavanagh as an expert in this case, and seeks to consult with him in regard to the `796 patent and the `314 patent. At the hearing, the adidas Defendants stated on the record that they only objected to Nike consulting with Dr. Cavanagh on any issues related to the `796 patent. Both parties agree that this is not a case in which Dr. Cavanagh switched sides.

## II. Law and Analysis

Federal courts have the inherent power to disqualify experts. *Koch Refining Company v. Boudreaux*, 85 F.3d 1178, 1181 (5th Cir. 1996).[1] In disqualification cases, other than those in which the expert clearly switched sides, the Fifth Circuit has articulated a two-part test: (1) Was it objectively reasonable for the first party who claims to have retained the expert to conclude that a confidential relationship existed?; and (2) Was any confidential or privileged information disclosed by the first party to the expert? *Id.* Only if the answers to both questions are affirmative should the witness be disqualified. *Id.* In reaching a decision, the Fifth Circuit has stated that courts should also consider whether the public interest weighs in favor of disqualifying the expert. *Id.* The party seeking disqualification bears the burden of proving that disqualification is warranted. *Id.*

<u>1. Whether a confidential relationship existed</u>

Adidas retained Dr. Cavanagh in two prior cases. In the *Anatomic Research* case, the evidence shows that Dr. Cavanagh was given internal, confidential adidas drawings to consider and engaged in discussions concerning adidas's shoe design, design philosophy. In the *Akeva* case, Dr. Cavanagh was retained as a consultant and an expert witness. Dr. Cavanagh's consulting agreement with adidas in the *Akeva* case specifies that Dr. Cavanagh will keep information relating to that litigation confidential and will not disclose it without prior approval. Based upon the nature of these interactions, the court finds that adidas and Dr. Cavanagh had a relationship which permitted adidas reasonably to expect that any communication would be maintained in confidence by the expert. *See Koch*, 85 F.3d at 1181 (courts have found that a confidential relationship exists when the record

---

[1] In patent cases, the law of the regional circuit governs the issue of disqualification of an expert witness. *See In re Pioneer Hi-Bred Int'l, Inc.*, 238 F.3d 1370, 1374 (Fed. Cir. 2001).

supports a longstanding series of interactions, which tend to create a basic understanding of the retaining party's modus operandi, patterns of operations, and decision-making process.).

### 2. Whether confidential information was received by the expert

The evidence before the court shows that in the *Akeva* case, adidas discussed potential defenses and methods of analyzing the accused shoes with Dr. Cavanagh, and that Dr. Cavanagh became familiar with adidas' litigation strategy through these interactions. The court finds, therefore, that Dr. Cavanagh received confidential information from adidas. *See Koch*, 85 F.3d at 1182 (confidential information includes discussion of the retaining party's strategies in the litigation, the kinds of experts the party expected to retain, the party's view of the strength and weaknesses of each side, the role of each of the party's witnesses to be hired, and anticipated defenses).

The evidence also shows that this confidential information is relevant to this case because the subject matter in the *Akeva* case is substantially similar to the subject matter in this case. Akeva accused adidas' "a³" line of shoes of infringing U.S. Patent No. 6,604,300 (the `300 patent). Claim 1 from the `300 patent in relevant part recites "[a] shoe comprising: a flexible plate having upper and lower surfaces and supported between at least a portion of the rear sole and at least a portion of the heel region of the upper, peripheral portions of the plate being restrained from movement relative to an interior portion of the plate . . . ." *Id.* Similarly, in this case, Nike accuses adidas' "a³" line of shoes of infringing the `796 patent. Claim 16 of the `796 patent recites "the article of footwear of claim 9, wherein said heel plate underlies at least a portion of an arch of the foot and substantially all of the heel." Moreover, Claim 8 states "the article of footwear of claim 7, wherein said sole includes a semi-rigid heel plate generally located between said plurality of said at least one support element and a heel of the foot . . . ." Given the similarity between the claims and the fact that the

same products are accused, the court concludes that Dr. Cavanagh received confidential information which is relevant to the issues in this case.

Nike argues that the confidential nature of any information received was waived by adidas because Dr. Cavanagh was designated as a testifying witness in the *Akeva* case. This argument misses the point. The mere fact that a witness is designated as a testifying witness does not control whether confidential communications were waived. The controlling issue is whether the information was actually disclosed. *See Koch*, 85 F.3d at 1182. Mr. Cavanagh never disclosed the confidential information received from adidas, and it is clear that adidas never intended to introduce the strategy discussions between Mr. Cavanagh and adidas as evidence.

3. Public Interest

In determining whether the public interest weighs in favor of disqualifying an expert, the court should balance the competing policy objectives in determining the expert disqualification. The policy objectives favoring disqualification include preventing conflicts of interest and maintaining the integrity of the judicial process. *Koch,* 85 F.3d at 1182. The main policy objectives militing against disqualification are ensuring that the parties have access to expert witnesses who possess specialized knowledge and allowing experts to pursue their professional calling. *Id.* at 1183. The court should also consider whether another expert is available and whether the opposing party had time to hire him or her before trial. *Id.* at 1183.

Here, the parties are direct competitors, and Dr. Cavanagh was given relevant, confidential information. The risk is too great that Dr. Cavanagh would use the information he was given, even if inadvertently, in some manner that would harm adidas. Public interest weighs in favor of preventing these types of conflicts of interests and maintaining the integrity of the proceedings.

Additionally, the record before the court shows that Nike has ample opportunity to hire another expert prior to the November *Markman* hearing and certainly prior to the June trial. There is also evidence before the court which shows that there are other qualified experts available in this field.

IT IS THEREFORE ORDERED that Defendants' *Motion in Limine to Exclude Dr. Peter Cavanagh* [**Clerk's doc.# 43**] is **GRANTED IN PART**. Dr. Cavanagh is prohibited from consulting or serving as an expert for Nike with regard to U.S. Patent No. 6,687,796.

**SIGNED this the 29th day of September, 2006.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE