IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | |
|---|---|
| NIKE, INC. )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ADIDAS AMERICA INC. D/B/A ADIDAS )<br>INTERNATIONAL, ADIDAS SALOMON )<br>NORTH AMERICA, INC., and ADIDAS )<br>PROMOTIONAL RETAIL OPERATIONS )<br>INC. )<br>)<br>Defendants. ) | Case No. 9:06-cv-43-RC<br><br>Jury Trial Demanded<br><br><br><br><br>The Honorable Ron Clark<br>United States District Judge |

**NIKE'S MOTION FOR SUMMARY JUDGMENT OF NO INVALIDITY BASED ON REFERENCES IDENTIFIED IN ADIDAS'S INVALIDITY CONTENTIONS BUT NOT ADDRESSED IN ITS EXPERT REPORTS**

## I. INTRODUCTION AND STATEMENT OF ISSUES TO BE DECIDED BY THE COURT

In this case, NIKE asserts that adidas is infringing two NIKE patents: U.S. Patent No. 6,487,796 (the "'796 patent") and U.S. Patent No. 6,298,314 (the "'314 patent"). The issue before the Court on this motion is whether the Court should enter summary judgment of no invalidity for references identified in adidas's invalidity contentions but not addressed in adidas's expert reports.

In its invalidity contentions, adidas identified a considerable number of purported prior art references (over 330 total). In their expert reports addressing invalidity, however, adidas's experts discussed only a small fraction of those references. NIKE, therefore, seeks summary judgment of no invalidity for any reference identified by adidas in its invalidity contentions but not specifically addressed in its February 16, 2007 expert reports. In the alternative, to avoid unfair surprise, NIKE asks for a ruling, *in limine*, that adidas may argue for invalidity at trial based on only the references specifically addressed in adidas's February 16, 2007 experts reports. It would be unduly prejudicial and burdensome for NIKE to prepare to defend against more than 300 potential invalidity challenges when adidas has not even had its experts opine on these potential challenges.

## II. STATEMENT OF UNDISPUTED MATERIAL FACTS

1. On April 17, 2006, adidas filed its answer asserting invalidity under 35 U.S.C. Sections 102, 103 and/or 112. Docket #12.

2. On August 22, 2006, adidas provided its preliminary invalidity contentions. adidas identified approximately 205 alleged prior art references for the '796 patent and approximately 95 alleged prior art references for the '314 patent. Exhibit A.[1]

3. On February 6, 2007, adidas provided its final invalidity contentions. In addition to the references in its preliminary invalidity contentions, adidas identified approximately 36

---

[1] To avoid burdening the Court, NIKE is filing the main document for adidas's invalidity contentions but not all of the attached exhibits to those contentions. NIKE can provide these if the Court wishes to see them.

alleged prior art references for the '796 patent.  Exhibit B.  In its final invalidity contentions for the '314 patent, adidas incorporated by reference at least three interrogatory responses that were provided after adidas's preliminary invalidity contentions listing several additional items of alleged prior art.  Exhibit C (filed under seal), Exhibits D and E.

      4.  On February 16, 2007, pursuant to the Court's Amended Scheduling Order, adidas provided its expert reports addressing invalidity.  For the '796 patent, adidas's expert, Dr. Williams, discussed only 15 alleged prior art references.  Exhibit F (NIKE is filing the report itself under seal but is omitting the attached exhibits).  For the '314 patent, adidas's expert, Dr. Greenwald, discussed only 5 alleged prior art references.  Exhibit G.  adidas did not provide any expert testimony for invalidity of either patent under Section 112.  Exhibits F and G.

### III.  RELEVANT SUMMARY JUDGMENT STANDARDS

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  Because adidas bears the burden on invalidity, NIKE may satisfy its summary judgment burden of no invalidity simply by demonstrating "an absence of evidence to support the non-moving party's case."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

### IV.  ADIDAS SHOULD BE LIMITED TO ARGUING FOR INVALIDITY BASED ON ONLY THE PRIOR ART REFERENCES SPECIFICALLY ADDRESSED IN ITS FEBRUARY 16, 2007 EXPERT REPORTS.

#### A.  adidas Needs Expert Opinion To Try To Show Invalidity In This Case.

adidas bears the burden of trying to establish invalidity by clear and convincing evidence.  *See, e.g.*, *Norian Corp. v. Stryker Corp.*, 363 F.3d 1321, 1326 (Fed. Cir. 2004).  To try to meet its burden in this case, adidas would need to submit expert opinion.  *See, e.g., Schumer v. Lab. Computer Sys., Inc.*, 308 F.3d 1304, 1315 (Fed. Cir. 2002) ("Typically, testimony concerning anticipation must be testimony from one skilled in the art and must identify each claim element, state the witnesses' interpretation of the claim element, and explain in detail how each claim

element is disclosed in the prior art reference."). *See also Koito Mfg. Co., v. Turn-Key-Tech, LLC*, 381 F.3d 1142, 1152 (Fed. Cir. 2004). Lay witness testimony is insufficient in this case to address invalidity of either NIKE patent. *See* Fed. R. Evid. 701 (lay witnesses may not opine regarding scientific, technical or other specialized knowledge within the scope of Fed. R. Evid. 702).

> **B.** **Pursuant To The Court's Amended Scheduling Order, adidas's Expert Opinions For Invalidity Had To Be Disclosed By February 16, 2007.**

Rule 26(a) of the Federal Rules of Civil Procedure requires disclosure of expert witnesses and their written reports. The rule provides, "these disclosures shall be made at the times and in the sequence directed by the court." Fed. R. Civ. P. 26(a)(2)(c). Failure to comply with Rule 26 precludes a party from using at trial expert testimony that was not timely or fully disclosed. Fed. R. Civ. P. 37(c)(1). Courts have held that the sanction of exclusion is mandatory and automatic unless the party can show its Rule 26(a) violation was either justified or harmless. *See Zoltek Corp. v. U.S.*, 71 Fed. Cl. 160, 167 (Fed. Cl. 2006) (collecting cases).

Under the Court's Amended Scheduling Order, adidas's expert reports addressing invalidity were due on February 16, 2007. Docket # 100. On February 16, adidas provided expert reports addressing invalidity for each of the two patents in suit. Exhibits F and G. NIKE merely asks that adidas now be limited – whether by summary judgment or by *in limine* ruling - to arguing for invalidity based on only the references specifically discussed in adidas's February 16, 2007 expert reports. Such a result is consistent with the applicable rules, and it ensures NIKE will avoid the undue prejudice that could arise from being unfairly surprised at trial, as well as the prejudice and burden of preparing for over 300 potential prior art references for which adidas has not obtained any expert opinion, so NIKE cannot determine what, if anything, adidas may say about them.

## V.  CONCLUSION

NIKE asks the Court to grant summary judgment that any reference identified by adidas in its invalidity contentions but not specifically discussed in its February 16, 2007 expert reports

is not invalidating. In the alternative, NIKE asks the Court to rule, *in limine*, that adidas may argue for invalidity at trial based only on references specifically discussed in its February 16, 2007 expert reports.

Dated: March 23, 2007                    Respectfully submitted,

By:     /s/ J. Thad Heartfield
    J. Thad Heartfield
    Texas Bar No. 09346800
    Law Offices of J. Thad Heartfield
    2195 Dowlen Road
    Beaumont, Texas 77706
    Phone: 409.866.3318
    Fax:    409.866.5789
    E-mail: thad@jth-law.com.

    Clayton E. Dark, Jr.
    Texas Bar No. 05384500
    Law Office Of Clayton E. Dark, Jr.
    P. O. Box 2207
    Lufkin, Texas 75902-2207
    Phone: 936.637.1733
    Fax:    936.637.2897
    E-mail: cekrad@yahoo.com

    Fay E. Morisseau (Texas Bar No. 14460750)
    David M. Stein (Texas Bar No. 00797494)
    McDermott Will & Emery LLP
    18191 Von Karman Avenue, Suite 500
    Irvine, CA 92612-7108
    Phone: 949.851.0633
    Fax:    949.851.9348
    E-mail: fmorisseau@mwe.com
    E-mail: dstein@mwe.com

    Attorneys for plaintiff NIKE, Inc.

## **CERTIFICATE OF SERVICE**

   The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on March 23, 2007.  Any other counsel of records will be served by U.S. mail on the same date.

                /s/ J. Thad Heartfield
                J. Thad Heartfield

ORC 409807-1.068066.0020