IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| NIKE, INC.<br><br>Plaintiff,<br><br>v.<br><br>ADIDAS AMERICA INC. D/B/A ADIDAS INTERNATIONAL, ADIDAS SALOMON NORTH AMERICA, INC., and ADIDAS PROMOTIONAL RETAIL OPERATIONS INC.<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 9:06-cv-43-RC<br><br>Jury Trial Demanded<br><br>The Honorable Ron Clark<br>United States District Judge |

**NIKE'S MOTION TO STRIKE FOUR ADIDAS EXPERTS WHO DID NOT PROVIDE EXPERT REPORTS**

## I. INTRODUCTION

On March 16, 2007, adidas served a disclosure regarding experts in this case. In that disclosure, adidas listed its three retained experts in this case. In addition, adidas also listed four adidas employees as potential experts: Christian DiBenedetto, Mark Oleson, Al Van Noy, and Steve Vincent. The March 16, 2007 disclosure was the first time adidas gave NIKE any indication that it was considering having these individuals provide expert testimony in this case. Moreover, adidas has not provided any expert reports for any of these four individuals, so NIKE has no idea what expert testimony adidas may seek from any of these individuals. NIKE should not be subjected to this type of unfair surprise, nor should adidas be permitted to play hide-the-ball with potential testimony in this case. The discovery cut-off has passed, and trial is set for June 2007. It is simply too late for NIKE to be in a position to respond to this still-unknown potential expert testimony from adidas. NIKE therefore asks the Court to enter an Order striking these four adidas employees as experts in this case.

## II. ISSUE PRESENTED

Whether adidas should be allowed to designate four of its own employees as experts in this case when it did not provide any notice to NIKE during fact discovery of its intention to do so, and it did not serve any expert reports for any of these four witnesses?

## III. FACTUAL BACKGROUND

- On August 16, 2006, adidas provided its initial Rule 26 disclosures. Exh. 1. Although it listed Christian DiBenedetto, Mark Oleson, Al Van Noy, and Steve Vincent as witnesses, adidas described them only as follows: "Mr. DiBenedetto is an adidas employee and may have knowledge regarding the design and development of accused shoes." Exh. 1 at 6. adidas provides the exact same description for the other three individuals. *Id*. at 9, 11.
- On September 19, 2006, in response to numerous requests from NIKE to provide more information about its disclosed witnesses and the subjects of their knowledge, adidas provided its first supplemental Rule 26 disclosures adding only a very brief

identification for which group of accused shoes each was knowledgeable. Exh. 2 at 7 ("Mr. DiBenedetto is an adidas employee and may have knowledge regarding the design and development of accused adidas_1 shoes."). adidas provides a similar disclosure for each of the other three individuals. *Id*. at 10-13.

- On December 6, 2006, NIKE deposed Mr. Van Noy. adidas did not mention it may seek to designate him as an expert in this case.
- On December 7, 2006, NIKE deposed Mr. Vincent. adidas did not mention it may seek to designate him as an expert in this case.
- On January 4, 2007, NIKE deposed Mr. DiBenedetto. adidas did not mention it may seek to designate him as an expert in this case.
- On January 9, 2007, NIKE deposed Mr. Oleson. adidas did not mention it may seek to designate him as an expert in this case.
- On January 12, 2007, adidas provided its second supplemental Rule 26 disclosures. adidas added new witnesses but did not change anything in the description of the four individuals at issue in this motion. Exh. 3.
- On January 19, 2007, NIKE deposed Mr. Van Noy again, this time as adidas's Rule 30(b)(6) designee. adidas did not mention it may seek to designate him as an expert in this case.
- On January 31, 2007, adidas provided its third supplemental Rule 26 disclosures. adidas added new witnesses, but it did not change anything in the description of the four individuals at issue in this motion. Exh. 4.
- On February 8, 2007, NIKE deposed Mr. DiBenedetto again, this time as adidas's Rule 30(b)(6) designee. adidas did not mention it may seek to designate him as an expert in this case.
- On February 16, 2007, adidas provided its opening expert reports. adidas served expert reports for Dr. Williams and Mr. Greenwald. adidas did not provide any

opening expert reports for Christian DiBenedetto, Mark Oleson, Al Van Noy, or Steve Vincent.

- On March 16, 2007, adidas provided its rebuttal expert reports. adidas served rebuttal expert reports for Dr. Williams and Mr. Greenwald, and a report on damages issues from Mr. Britven. adidas did not provide any rebuttal expert reports for Christian DiBenedetto, Mark Oleson, Al Van Noy, or Steve Vincent.
- On March 16, 2007, adidas served a notice of disclosure listing Dr. Williams, Mr. Greenwald, and Mr. Britven as experts. Exh. 5. In that disclosure, adidas also listed four of its employees (Christian DiBenedetto, Mark Oleson, Al Van Noy, or Steve Vincent) as experts in this case.
- On March 21, 2007, NIKE wrote to adidas asking it to withdraw the designation of the four adidas employees because they were not previously disclosed, and adidas did not provide any expert reports for them. Exh. 6.
- On March 21, 2007, adidas e-mailed back refusing to withdraw its four employees from its expert designation. Exh. 7.

## IV. ADIDAS SHOULD NOT BE ABLE TO ELICIT EXPERT TESTIMONY FROM EMPLOYEES WHO WERE NOT DISCLOSED AS EXPERTS DURING FACT DISCOVERY AND FOR WHOM EXPERT REPORTS HAVE NOT BEEN PROVIDED.

### A. The Disclosure Obligations Are Clear.

Rule 26 of the Federal Rules of Civil Procedure provides that parties have a continuing duty to provide initial and supplemental disclosures of all witnesses "likely to have discoverable information that the disclosing party may use to support its claims or defenses . . . identifying the subjects of the information." Fed. R. Civ. P. 26(a)(1)(A); 26(e). The purpose of the mandatory disclosure obligation is "to accelerate the exchange of basic information about the case . . . ." Fed. R. Civ. P. 26(a) adv. comm. note (1993 Amend.). Initial and supplemental disclosures are an integral part of the discovery process and cannot be taken lightly or violated. *Mohamed v.*

*Mazda Motor Corp.*, 90 F. Supp. 2d 757, 763 (E.D. Tex. 2000) ("Recalcitrance to this Court's Local Rules--including the mandatory initial disclosure obligations--will not be tolerated."); *Texas Instruments, Inc. v. Hyundai Elecs. Indus. Co.*, 50 F. Supp. 2d 619, 621-30 (E.D. Tex. 1999).

Rule 26 of the Federal Rules of Civil Procedure also provides that parties must disclose the names of all experts who "may" be used at trial and must produce written reports prepared by each expert containing "a complete statement of all opinions to be expressed and the basis and reasons thereof . . . ." Fed. R. Civ. P. 26(a)(2)(A)-(B). The purpose of the expert disclosure rules is to provide parties with timely and sufficient information to permit effective depositions and cross-examinations of all experts. Fed. R. Civ. P. 26(a)(2) adv. comm. note (1993 Amend.).

Expert disclosures "shall be made at the times and in the sequence directed by the court." Fed. R. Civ. P. 26(a)(2)(C). Unless the Court directs otherwise, the parties must simultaneously disclose all of their experts and produce all of their experts' reports on or before the scheduled deadline. *Id.*; *Sierra Club, Lone Star Chapter v. Cedar Point Oil Co.*, 73 F.3d 546, 570 & n.41 (5th Cir. 1996). The Fifth Circuit has held: "The purpose of rebuttal and supplementary disclosures is just that--to rebut and to supplement. These disclosures are not intended to provide an extension of the deadline by which a party must deliver the lion's share of its expert information." *Sierra Club*, 73 F.3d at 571.

## B. adidas Did Not Properly Identify These Witnesses As Potential Experts, And It Did Not Provide Any Expert Reports.

In its Rule 26(a) disclosures, adidas never gave NIKE even a hint that it may call these four employees as experts in this case. *See* Exhs. 1-4 (identifying the four employees and generically identifying the subject of their knowledge (*i.e.*, for which group of accused shoes they had knowledge) but never mentioning potential expert testimony). Moreover, NIKE deposed each of the four adidas employees addressed by this motion – two of them twice – but adidas never gave NIKE any indication before those depositions that adidas may designate these

individuals as experts, so NIKE did not have the opportunity to depose them on their potential opinion testimony. Fact discovery has now closed.

Further, under the Court's Amended Scheduling Order, opening expert reports were due February 16, and rebuttal expert reports were due March 16. Docket # 100. adidas did not provide any expert reports for any of these four employees. NIKE, therefore, has no idea what expert testimony adidas may offer from any of these four employee witnesses, and it does not have the ability to prepare for proper cross-examination. adidas's hide-the-ball tactics are contrary to the spirit and purpose of both Rule 26 and local disclosure practice. Under these circumstances, adidas should not be permitted to elicit any expert testimony from any of these four employees.

### C. adidas Should Not Be Permitted To Surprise NIKE With Unknown Expert Testimony By Arguing That The Expert Disclosure Rules Do Not Apply To Its Employees.

During the parties' meet and confer, NIKE learned that adidas will apparently claim it did not have to identify these four employees as experts because they were not retained specifically to provide expert testimony, so adidas says it is not required to submit expert reports. *See* Exh. 7 (Gavin's e-mail) (citing Rule 26(a)(2)(A)).

As an initial matter, this does not excuse adidas from complying with its Rule 26(a) obligations and at least providing NIKE with fair notice that it envisioned these individuals providing expert testimony in this case so NIKE could inquire into those areas at their fact depositions. This would have been consistent with the Rule 26(a)(1)(A) requirement to disclose the subjects of their knowledge.

Moreover, courts have rejected the same argument adidas is raising as being contrary to the spirit and purpose of the disclosure Rules and the case law. *See, e.g., Minnesota Mining and Mfg. Co., v. Signtech USA, Ltd.*, 177 F.R.D. 459, 460 (D. Minn. 1998) (citing cases). *See also Musser v. Gentiva Health Servs.*, 356 F.3d 751, 756-57 (7th Cir. 2004) (excluding "expert" testimony of fact witnesses for failure to properly disclose, noting that "*all* witnesses who are to

give expert testimony under the Federal Rules of Evidence must be disclosed under Rule 26(a)(2)(A))" (emphasis original). In *Minnesota Mining*, the plaintiff argued that its employees were not required to submit expert reports because they were not specifically retained to provide expert testimony. *Id*. at 459. The court rejected this position, finding that such a result would run contrary to the purpose of the rules in that it would create a whole category of experts for whom no written disclosure is required - "a result plainly not contemplated by the drafters of the current version of the rules and not justified by any articulated policy." *Id*. at 460 (quoting *Day v. Consolidated Rail Corp.*, 1996 WL 257654 (S.D.N.Y. 1996)). The court in *Minnesota Mining* also noted that a party employee whose job duties do not regularly include providing expert testimony "may fairly be viewed as being 'retained' or 'specially employed' for that purpose." 177 F.R.D. at 461. That is the case with adidas's four employees.

NIKE respectfully submits that, to the extent Rule 26(a)(2)(A) excuses anyone offering expert testimony from preparing a written report, the spirit of that carve-out is to handle very specific situations, such as where a physician will testify as a fact witness about care given to a patient, but that testimony necessarily involves opinion-type testimony. *See Gentiva*, 356 F.3d at 756-58 & n.2 (discussing this issue, although ultimately rejecting any carve out and finding that any witness who will provide expert testimony must be designated as an expert). The Rule is not designed to allow a party to call its own employees to provide unknown expert testimony in a case so as to catch the opponent by complete surprise at the time of trial. If adidas's reading of the rule were correct, a party could always surprise its opponent by using its own employees as experts. Such a result would run contrary to the very purpose of having Rule 26 disclosures. *See Gentiva*, 356 F.3d at 757-58 ("Knowing the identity of the opponent's expert witnesses allows a party to properly prepare for trial. Gentiva should not be made to assume that each witness disclosed by the [plaintiff] could be an expert witness at trial."). At this late stage in the case, adidas's failure to provide a timely expert disclosure and expert reports for these four employees has prejudiced NIKE's ability to prepare for trial, which warrants striking them as experts in this case. *See id*. ("The failure to disclose experts prejudiced Gentiva because there are

countermeasures that could have been taken that are not applicable to fact witnesses, such as attempting to disqualify the expert testimony on grounds set forth in [*Daubert*], retaining rebuttal experts, and holding additional depositions to retrieve the information not available because of the absence of a report.”).

## V. CONCLUSION

The first time adidas provided NIKE with any indication of adidas’s intent to have its employees testify as experts in this case was March 16, 2007, after they were deposed, after the fact discovery cut-off, and after expert reports had been served. Moreover, adidas has not provided any expert reports for any of these four employees. NIKE has no idea what opinion testimony adidas may attempt to elicit from these individuals. This type of hide the ball tactic is exactly what Rule 26 and the local disclosure practices are designed to avoid. NIKE therefore asks the Court to enter an Order striking these four adidas employees as experts in this case.

Dated: April 2, 2007

Respectfully submitted,

By: /s/ David M. Stein

J. Thad Heartfield
Texas Bar No. 09346800
Law Offices of J. Thad Heartfield
2195 Dowlen Road
Beaumont, Texas 77706
Phone: 409.866.3318
Fax: 409.866.5789
E-mail: thad@jth-law.com.

Clayton E. Dark, Jr.
Texas Bar No. 05384500
Law Office Of Clayton E. Dark, Jr.
P. O. Box 2207
Lufkin, Texas 75902-2207
Phone: 936.637.1733
Fax: 936.637.2897
E-mail: cekrad@yahoo.com

Fay E. Morisseau (Texas Bar No. 14460750)
David M. Stein (Texas Bar No. 00797494)
McDermott Will & Emery LLP
18191 Von Karman Avenue, Suite 500
Irvine, CA 92612-7108
Phone: 949.851.0633
Fax: 949.851.9348
E-mail: fmorisseau@mwe.com
E-mail: dstein@mwe.com

Attorneys for plaintiff NIKE, Inc.

**CERTIFICATE OF CONFERENCE**

This is to certify that counsel has conferred with opposing counsel in a good faith attempt to resolve this matter without Court intervention. After conferring, opposing counsel is opposed to the relief requested herein.

/s/ David M. Stein

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on April 2, 2007. Any other counsel of records will be served by U.S. mail on the same date.

/s/ David M. Stein
David M. Stein

ORC 410524-1.068066.0020