IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | |
|---|---|
| NIKE, INC. ) | |
| ) | Case No. 9:06-cv-43-RC |
| Plaintiff, ) | |
| ) | |
| v. ) | Jury Trial Demanded |
| ) | |
| ADIDAS AMERICA INC. D/B/A ADIDAS ) | |
| INTERNATIONAL, ADIDAS SALOMON ) | |
| NORTH AMERICA, INC., and ADIDAS ) | |
| PROMOTIONAL RETAIL OPERATIONS ) | The Honorable Ron Clark |
| INC. ) | United States District Judge |
| ) | |
| Defendants. ) | |

**NIKE'S REPLY BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OF NO INVALIDITY BASED ON REFERENCES IDENTIFIED IN ADIDAS'S INVALIDITY CONTENTIONS BUT NOT ADDRESSED IN ITS EXPERT REPORTS**

I.  **ADIDAS HAS NOT RAISED A GENUINE ISSUE OF MATERIAL FACT FOR ANY OF THE PRIOR ART REFERENCES AT ISSUE IN THIS MOTION, SO NIKE IS ENTITLED TO SUMMARY JUDGMENT.**

NIKE has asked the Court to grant summary judgment that any prior art reference identified by adidas in its invalidity contentions, but not specifically discussed in its February 16, 2007 expert report, is not invalidating. Docket # 130. adidas bears the burden of proof on its invalidity claim, so, to defeat this motion, adidas bears the burden of coming forward with affirmative admissible evidence creating a genuine issue of material fact for a particular prior art reference. Fed. R. Civ. P. 56(c) and (e). *See generally Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986) (the non-moving party must affirmatively demonstrate, by specific factual allegations, that a genuine issue of material fact exists for trial).

For example, adidas needed to submit admissible evidence saying that it believes prior art reference "X" invalidates the patent claims because…and then set forth the specific basis for the invalidity position so as to raise a genuine issue of fact. adidas has completely failed to do anything like this. In fact, adidas has not provided any admissible evidence for any of the prior art references at issue in this motion. It is fundamental Rule 56 practice that this failure, in and of itself, warrants the granting of NIKE's motion for summary judgment because there is not any evidence creating a genuine issue of material fact that would be presented to the jury. Having failed to present any admissible evidence raising a genuine issue of material fact for any of the prior art references not specifically discussed in its February 16, 2007 expert report, summary judgment of no invalidity based on each one of these prior art references is appropriate.

II.  **ADIDAS'S TRIAL BY AMBUSH AND SURPRISE TACTICS SHOULD BE REJECTED.**

Instead of presenting admissible evidence in response to NIKE's motion for summary judgment, all adidas has done in its response is to say it would like to keep the door open to come forward with some unspecified evidence regarding invalidity at the time of trial. This is improper.

For example, adidas alleges that numerous fact witnesses may testify at trial about the invalidity of the patent. Response at 4. As NIKE has detailed in its pending motion to strike these witnesses (Docket # 141), adidas never gave NIKE any notice during fact discovery of its intention to have any fact witness render expert-type opinion testimony in this case. The very first time adidas identified any fact witness that it wanted to have provide expert testimony in this case was March 16, 2007, the day rebuttal expert reports were served. Moreover, adidas did not provide any expert reports addressing invalidity from anyone other than Dr. Greenwald. adidas is simply trying to set up a trial by ambush, where NIKE cannot meaningfully prepare to respond to adidas's as-of-yet unknown and undisclosed invalidity theories. This is improper and in clear violation of the Court's disclosure obligations. All NIKE asks is for the Court to limit adidas to arguing at trial for invalidity based only on what was properly disclosed: theories of invalidity contained in the February 16, 2007 expert report of Dr. Greenwald.[1]

### III.     THERE IS NO BASIS FOR ADIDAS TO SUPPLEMENT ITS EXPERT REPORT.

Apparently recognizing it may well be limited to its expert report, as it should be, adidas tries, yet again, to manufacture a reason to supplement its expert report. adidas's efforts to supplement are misguided for several reasons.

Most notably, adidas's expert, Dr. Greenwald, has <u>already opined</u> on invalidity in his February 16 expert report. Thus, there is no justification for supplementing that report.

adidas miscasts the motions pending before the Court to try and come up with a reason to supplement. For example, adidas has moved to strike NIKE's claim for infringement under the doctrine of equivalents. adidas argues, however, that equivalents may be added to the case thereby creating the need to supplement its expert report. Response at 1-3. This is misleading. There is no pending motion by NIKE to add the doctrine of equivalents to the case; it has been in the case since the beginning. *See* Docket # 146-47. Indeed, Dr. Greenwald has already opined on the doctrine of equivalents in his expert report, so, again, there is no basis to supplement.

---

[1] adidas miscasts NIKE's motion. NIKE is not asking the Court to preclude adidas from mentioning <u>facts</u> about the prior art. NIKE is, however, asking the Court to preclude adidas from arguing for invalidity at trial based on theories or references that were not properly disclosed as a basis for invalidity (*i.e.*, in its expert report).

adidas fails to mention NIKE's pending motion to strike certain adidas "experts" – several employees adidas wants to call at trial even though it did not give NIKE any notice that it wanted to call these people as experts before March 16 (the day rebuttal expert reports were due) and even though it did not provide any expert reports for these witnesses.  Docket # 141.

Finally, adidas's position that the possible swap of asserted claims justifies supplementation (Response at 3) is also off the mark.  Dr. Greenwald has already opined on the validity of the claims NIKE is seeking leave to add, so the Court's decision on NIKE's motion for leave should not impact either adidas's expert report or its invalidity case.  adidas's threatened "significant enlargement of Nike's assertion of infringement" (Response at 3) is simply a red herring designed to mislead the Court into denying this motion.  adidas's expert has already opined on NIKE's equivalents theory, so there is no enlargement of the case.  Because adidas has the burden of coming forward with evidence to show that summary judgment should not be granted, it had the obligation to provide specific evidence showing that the three claims that are sought to be added to this case were subject to invalidity challenges different from those already identified in its expert report.  adidas completely failed to do this, so summary judgment is appropriate.

In sum, adidas is trying to surprise NIKE at trial by arguing for invalidity based on unidentified invalidity theories.  This should not be permitted.  NIKE's motion should be granted, and adidas's invalidity positions at trial should be limited to what is specifically disclosed in the February 16, 2007 expert report of adidas's expert, Dr. Greenwald.

Dated: April 16, 2007					Respectfully submitted,

							By: _____/s/ David Stein_____
							    J. Thad Heartfield
							    Texas Bar No. 09346800
							    Law Offices of J. Thad Heartfield
							    2195 Dowlen Road
							    Beaumont, Texas 77706
							    Phone: 409.866.3318
							    Fax:    409.866.5789
							    E-mail: thad@jth-law.com.

-4-

Clayton E. Dark, Jr.
Texas Bar No. 05384500
Law Office Of Clayton E. Dark, Jr.
P. O. Box 2207
Lufkin, Texas 75902-2207
Phone: 936.637.1733
Fax:     936.637.2897
E-mail: cekrad@yahoo.com

Fay E. Morisseau (Texas Bar No. 14460750)
David M. Stein (Texas Bar No. 00797494)
McDermott Will & Emery LLP
18191 Von Karman Avenue, Suite 500
Irvine, CA 92612-7108
Phone: 949.851.0633
Fax:     949.851.9348
E-mail:  fmorisseau@mwe.com
E-mail:  dstein@mwe.com

Attorneys for plaintiff NIKE, Inc.

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on April 16, 2007.  Any other counsel of records will be served by U.S. mail on the same date.

                                                  /s/ David Stein
                                                  David Stein

ORC 411842-1.068066.0020